IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00027-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRIAN ERIC BARNES, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's letter motion [DE-70] addressed to the undersigned. Defendant argues that through the Inmate Financial Responsibility Program he has been required to pay between $100 and $140 per month since his arrival at Butner. Defendant asserts that his mother has been sending him the money, but he feels that this financial obligation should not be her responsibility.

In its Judgment, the court ordered Defendant to pay $4,787.00[1] in restitution. *See* Judgment [DE-66]. The court further ordered as follows:

> Payment of the special assessment & restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, these [sic] special assessment and restitution may be paid through the Inmate Financial Responsibility Program. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

*Id.*

Defendant is challenging his payments scheduled under the Inmate Financial

---

[1] The court ordered that $1,000.00 was to be paid to Trust Food, LLC d/b/a Zaxby's and $3,787.00 was to be paid to Nationwide Insurance.

Responsibility Program, a program which is administered by the Bureau of Prisons. A defendant making such a challenge must first exhaust his administrative remedies. *See Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001) (noting that "the Bureau of Prisons should be given the opportunity to consider the application of its policy . . . before the matter is litigated in the federal courts.") Defendant's letter motion indicates that he has taken several steps to resolve this issue, but Defendant does not indicate that he has exhausted his administrative remedies. For this reason, Defendant's letter motion [DE-70] is DENIED.

SO ORDERED.

This, the 5th day of November, 2013.

James C. Fox
JAMES C. FOX
Senior United States District Judge